IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LANCE BOND,
          Plaintiff,

vs.                                       No. 20-2403-JTM

CBRE, INC.,
          Defendant.

MEMORANDUM AND ORDER

Lance Bond brings the present action under 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, alleging that his former employer, CBRE, Inc., discriminated against him by unfair pay, false disciplinary actions, and termination. He also claims CBRE retaliated against him for his opposition to alleged racial and gender discrimination at CBRE. The matter is before the court on CBRE's motion to stay the action subject to arbitration.

The Federal Arbitration Act (FAA) applies to written arbitration agreements in any contract "evidencing a transaction involving commerce." 9 U.S.C. § 2. "The FAA was designed to overrule the judiciary's long-standing refusal to enforce agreements to arbitrate, and to place such agreements upon the same footing as other contracts. *Volt Info. Sciences v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 219–220 (1985) and *Scherk v.*

*Alberto–Culver Co.*, 417 U.S. 506, 511 (1974) (quoting H.R.Rep. No. 96, 68th Cong., 1st Sess., 1, 2 (1924))) (internal quotation marks omitted). The FAA advances "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp.* v. Mercury Construction, 460 U.S. 1, 24 (1983).

Pursuant to 9 U.S.C. §§ 2 and 3, a court will compel arbitration if it finds that: "(1) a valid arbitration agreement exists between the parties, and (2) the dispute before it falls within the scope of the agreement." The court will presume the validity of the arbitration clause of an agreement. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). Any doubt is to be resolved in favor of arbitration, *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010), and courts will "rigorously enforce" such provisions. *Sanchez v. Nitro-Lift Techs.*, LLC, 762 F.3d 1139, 1145 (10th Cir. 2014).

According to the Complaint, Bond first worked for CBRE as a contractor in 2009. In November, 2015, he was formally hired by CBRE, and on September 27, 2017 accepted CBRE's offer for the position of Senior Transactions Manager. That employment was accompanied by a latter from CBRE which "serves to confirm the full and complete terms of our employment offer and supersedes any prior discussions or agreements." (Dkt. 6-1, at 5). The letter contains the following provision:

> **Mutual Arbitration:**
>
> Pursuant to the Federal Arbitration Act ("FAA"), in the event of any dispute or claim between you and CBRE (including all of its employees, agents, subsidiary and affiliated entities, benefit plans, benefit plans' sponsors,

>fiduciaries, administrators, affiliates, and all successors and assigns of any of them), we jointly agree to submit all such disputes or claims to confidential binding arbitration and waive any right to a jury trial. The claims and disputes subject to arbitration include all claims arising from or related to your employment or the termination of your employment including, but not limited to, claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims; claims for misappropriation of trade secrets or unfair competition: ***claims for discrimination, harassment or retaliation (including, but not limited to, race, sex, religion, national origin, age, marital status, or medical condition or disability***, such as for example, under the Massachusetts Fair Employment Practices Act and similar state and federal anti-discrimination statutes); claims for benefits (except where an employee benefit or pension plan specifies that its claims procedure shall culminate in an arbitration procedure different from this one); and claims for violation of any federal, state, or governmental law, statute, regulation, or ordinance.

*Id*. at 6 (emphasis added).

The plaintiff's claims of discrimination and retaliation fall squarely within this provision. Following the defendant's motion, plaintiff has submitted a pleading indicating he does not challenge application of the provision. Accordingly, for good cause shown and without objection, the court hereby (1) grants defendant's motion (Dkt. 6), (2) orders the parties to arbitrate all claims advanced in the action; and (3) stays the case pending the results of the arbitration.

IT IS SO ORDERED this day of October, 2020.

*J. Thomas Marten*
J. Thomas Marten, Judge